UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

KAWS,
                                                    Plaintiff,
           -against-

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A HERETO,

                                   Defendants.

------------------------------------------------------------ X

**ORDER GRANTING DEFAULT
JUDGMENT**

22 Civ. 6721 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On August 8, 2022, Plaintiff KAWS, Inc. brought this suit against the Defendants identified on Schedule A for copyright infringement under 17 U.S.C. § 101, et seq., trademark infringement and counterfeiting under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and unfair competition under New York Common Law.

       On August 19, 2022, I granted a temporary restraining order ("TRO"), which I subsequently extended for 14 days. (ECF Nos. 22, 25). Since the entry of the TRO, the Defendants have been given notice of this case and of the papers filed. All Defendants in this case—except for those voluntarily dismissed by Plaintiff and those in the process of settling with Plaintiff—have failed to appear, answer, or otherwise respond. The "Defaulting Defendants" are identified in the schedule attached to this order. The findings and conclusions of this Order are applicable to only these defaulting defendants. Plaintiff's motion for default judgment under Fed. R. Civ. P. 55 is granted against these defaulting defendants.

1

# BACKGROUND

The following facts are taken from the Complaint, and for purposes of deciding this motion, all of Plaintiff's allegations, except those related to damages, are accepted as true. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

Brian Donnelly is an artist and designer who sells his works under his pseudonym, KAWS. (ECF No. 1 at ¶25). Much of Mr. Donnelly's art involves the repeated use of a cast of figurative characters and motifs that appear in a variety of settings and poses. Plaintiff is a New York domestic business corporation with its principal place of business in Brooklyn, New York.

Defendants are individuals and business entities who do business as merchants on online e-commerce platforms. Defendants reside mainly in the People's Republic of China or other foreign jurisdictions. *Id.* at ¶23-24.

Plaintiff is the registered owner of KAWS copyrights and trademarks. The KAWS copyrights are covered by U.S. Copyright Office Registration Nos. VA 2-180-272 and VA 2-182-652 (the "KAWS Copyrights"). The KAWS trademarks are covered by U.S. Trademark Registration Nos. 6,046,763, 6,047,656, 6,102,259, 6,102,260, and 6,116,823 (the "KAWS Trademarks"). (ECF No. 1 at ¶1). The registrations are valid, subsisting, and in full force and effect. *Id.* at ¶2.

Plaintiff has not licensed or authorized Defendants to use the KAWS Copyrights or the KAWS Trademarks, and none of the Defendants are authorized retailers of genuine KAWS Products. *Id.* at ¶ 86. Despite this, Defendants knowingly trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products infringing on Plaintiff's KAWS Copyrights and KAWS Trademarks. *Id.* at ¶ 87. Defendants each have infringed on their interactive commercial Internet websites operating under their Domain Names and Online

Marketplace Accounts listed in Schedule A to the Complaint (collectively, the "Defendant Internet Stores").

## FINDINGS AND CONCLUSIONS AS TO SERVICE OF PROCESS

On August 19, 2022, as part of my order granting a temporary restraining order ("TRO"), (ECF No. 22) and, on August 30, 2022, as part of an extension order and pursuant to Fed R. Civ. P. 4(f)(3), I authorized Plaintiff to provide notice, and perfect service of the complaint and motion papers, on Defendants by electronic means. These means included using Defendants' email addresses on their websites or on the websites of third-parties maintaining platforms for Defendants, including Alibaba, AliExpress, Amazon, DHgate, eBay, etsy, RedBubble, Walmart, and Wish, and publication on a website (http://kaws-cases.com/case-22-cv-06721.html) to which the Defendants were provided access. I find that service complying with my order was affected on each Defendant. *See* Declaration of Nathan Monroe-Yavneh (hereinafter "Monroe-Yavneh Decl.") ¶¶ 7-12. On October 14, 2022, the Clerk of the Court filed a Certificate of Default. (ECF No. 45). Plaintiff now moves for default judgment against all Defendants except those that have been voluntarily dismissed or that are engaged in settlement discussions. Plaintiff seeks an award of statutory damages for willful trademark infringement and/or copyright infringement against each of the Defaulting Defendants and a permanent injunction based on the unrefuted allegations in the Complaint and the evidentiary record which supported the issuance of the TRO.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action. *Priestley v. Headminder, Inc.*, 647 F.3d

497, 504–05 (2d Cir. 2011); *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012).  Rule 55(a) requires the Clerk of the Court, upon notification from the moving party, to note the default of the party failing to defend the suit.  *Priestley*, 647 F.3d at 555 (citing Fed. R. Civ. P. 55).  Once the Clerk issues a certificate of default, the moving party may apply for entry of default judgment, pursuant to Rule 55(b).  *Pac. M. Int'l*, 888 F. Supp. 2d at 392.  "When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) (internal citation omitted).

Plaintiff bears the burden to demonstrate that its uncontroverted allegations, without more, establish the Defendants' liability on each asserted cause of action.  *Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir. 2009).  A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations, as they pertain to liability, are deemed true.  *Id.* (noting that an entry of default establishes liability); *see also Morales v. Mw Bronx, Inc.*, 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (collecting cases).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(d); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  A plaintiff seeking to recover damages against a defaulting defendant also must prove its claim through the submission of evidence at an inquest. *See id.*

II.     Analysis

    A.     Jurisdiction

        The jurisdictional prerequisites are plainly satisfied. Plaintiff bears only the burden of making a prima facie case for personal jurisdiction. All Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in their favor. *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 176 (2d Cir. 2013) ("In evaluating whether the requisite showing has been made, we construe the pleadings and any supporting materials in the light most favorable to the plaintiffs.").

        I have original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. §1338(a)–(b), and 28 U.S.C. § 1331. I have original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. I have jurisdiction over the unfair deceptive trade practices claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

        I also have personal jurisdiction over the Defaulting Defendants under C.P.L.R. § 302(a)(1), C.P.L.R. § 302(a)(3), and Fed. R. Civ. P. 4(k). First, the suit arises out of Defendants' minimum contacts with New York, and Defendants have purposefully availed themselves of the benefits and protections of New York law. Defendants regularly conduct, transact, and/or solicit business in New York and in this Judicial District. They derive substantial revenue from business transactions in New York and in this Judicial District and otherwise avail themselves of

the privileges and protections of the laws of the State of New York. (ECF No. 1 ¶14). In addition, Defendants' counterfeiting and infringing actions have caused injury to Plaintiff in New York and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in New York and this Judicial District. *Id* at ¶15. Lastly, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in this District through accounts (the "User Account(s)") on e-commerce sites including the Marketplace Platforms. As such, exercising personal jurisdiction over them is proper and does not offend traditional notions of fair play and due process. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

      B.     Procedural Requirements

      Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each claim alleged in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2nd Cir. 1992). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each claim in the complaint. Plaintiff's motion for default judgment is now in order.

      C.     Liability

      Because Defaulting Defendants have failed to appear in this action or formally respond to Plaintiff's allegations, "[P]laintiff's undisputed allegations as to liability are admitted." *Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3. As described below Defaulting Defendants are thus liable for copyright infringement, trademark infringement

and counterfeiting, and false designation of origin.  (Since Plaintiff failed to seek default judgment on the State claims for relief, I decline to make findings or conclusions on those claims.)

### 1.    Copyright Infringement

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991).  Plaintiff has fulfilled both elements of the claim.

First, Plaintiff owns all exclusive rights in various copyrights for the KAWS products including without limitation copyrights covered by the KAWS Copyright Registrations. (ECF No. 1 ¶ 59.).

Second, Defaulting Defendants have copied constituent elements of the work that are original.  Defendants have sold, offered to sell, marketed, distributed, and advertised products in connection with the KAWS copyrights without Plaintiff's permission.  These products embody the KAWS Copyright Registrations. *Id.* at ¶¶ 60-62; Watanabe Default Decl. at ¶¶ 6. Defendants continue to sell, market, distribute and advertise these infringing products. Defaulting Defendants are thus liable to Plaintiff on its copyright infringement claim.

### 2.    Trademark Infringement and Counterfeiting, and False Designation of Origin

In order to state a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) the plaintiff's mark is entitled to protection and (2) defendant's use of the mark is likely to cause confusion. *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2nd Cir. 2016).  Plaintiff must meet the same standard in

order to state a false designation of origin claim under 15 U.S.C. § 1125(a) *See Spin Master*, 325 F.Supp.3d at 423.  Plaintiff has fulfilled each element for these claims.

First, the KAWS marks are duly registered and entitled to protection.

Second, the KAWS Trademarks are highly distinctive.  Defendants have used these marks in an unauthorized manner, despite having knowledge of Plaintiff's rights in the KAWS marks.  *See* ECF No. 1 ¶¶ 74-76; ¶¶ 81-83.  *See also* Watanabe Default Decl. at ¶ 6.  Defendants' use of the marks is likely to cause confusion because it is likely that "numerous ordinary prudent purchasers" will "be misled or confused as to the source of the product in question," as a result of Defendants' infringement.  *Cadbury Beverages v. Cott Corp.*, 73 F.3d 474, 477–78 (2d Cir.1996).  *See also Polaroid Corp. v. Polarad Elcs. Corp.*, 287 F.2d 492 (2d Cir.1961).  As a result, Defaulting Defendants are liable on Plaintiff's trademark infringement, counterfeiting, and false designation of origin claims.

3.    Final Considerations Regarding Liability

Although Plaintiff has satisfied Rule 55's procedural requirements and established Defendants' liability, I still must decide whether to grant Plaintiff's motion.  In so deciding, courts in this District ordinarily consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC*, 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016) (quoting *Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying the first two factors in review of lower court's grant of a default judgment).

Here, all three factors weigh in favor of granting the motion.  First, Defaulting Defendants have failed to answer or otherwise respond, despite having been notified of these proceedings with proper service, conduct that courts routinely deem willful.  *See Sayeg v. Azuly*, 2016 WL 5234597, at *4 (S.D.N.Y. Aug. 12, 2016), *adopted by*, 2016 WL 5108132 (S.D.N.Y. Sept. 20, 2016) ("By not appearing, the Court considers [defendant's] default willful."); *Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1 (holding that non-appearance and failure to respond to motion for default judgment indicate willful conduct).  Second, there is no information or evidence suggesting that Defendants have any meritorious defenses to Plaintiff's claim and Defaulting Defendants have not appeared nor provided any evidence to the contrary.  *See Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1; *see also Sayeg*, 2016 WL 5234597, at *4 (holding that failure to present any evidence shows that defendant has not presented a meritorious defense).  Finally, Plaintiff will be prejudiced if denied the ability to obtain a default judgment because it has no other means of relief against Defendants.  *See Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1 ("Finally, denying the motion would be unfairly prejudicial to Plaintiff, because [defendants] have failed to appear, defend, or plead in response to any of the substantive allegations in Plaintiff's Complaint."); *see also Sayeg*, 2016 WL 5234597, at *4. Accordingly, the motion for default judgment is granted.

D.      Damages

Plaintiff moves for statutory damages.  Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff may elect to receive, per work, "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1). When the infringement is found to be willful, as it is here, the Copyright Act provides for statutory damages of up to "not more than $150,000." 17 U.S.C. § 504(c)(2). *See also Chloe v.*

*Zarafshan*, 2009 WL 2956827 at *7 (S.D.N.Y. Sept.15, 2009) (explaining that willfulness can be inferred by the defendants' default).

Pursuant to the statutory damages provision of the Lanham Act, a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, the Lanham Act provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). Within this range, the amount of damages awarded for willful counterfeiting are determined by what the "court considers just." 15 U.S.C. § 1117(c).

Statutory damages are appropriate in this case, given the lack of information regarding Defaulting Defendants' sales and profits. In computing the amount of statutory damages, I consider both the copyright and trademark infringement claims. *See Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co.*, 807 F.2d 1110, 1117 (2nd Cir. 1986). *See Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) (stating that when "determining the appropriate award in a case involving willful trademark violations, courts often have looked for guidance to the better developed case law under the Copyright Act.").

An application of these factors leads me grant an award of twenty-five thousand dollars ($25,000.00) per Defaulting Defendant for both and copywrite infringements. For the 134 Defaulting Defendants affected by this Order, the total is $ 3,350,000.

The award described above is just for the following reasons. A smaller award would be inappropriate because the value of Plaintiffs' Copyrights and Trademarks is

substantial, Defendants' conduct was willful, and Defendant has not "provid[ed] particular records from which to assess the value of the infringing material produced." *Fitzgerald* 807 F.2d at 1117.  Although this amount is less than what Plaintiff requests, it is still high enough to punish Defendants for their infringement, to deter others besides the Defendants, and to provide the Plaintiff with just compensation.  *Id.* ("Awards of statutory damages serve two purposes— compensatory and punitive.").  It is also within the range of other awards given in this Circuit in cases in which the plaintiff does not have concrete information about the defendant's actual sales figures and profits or a clear estimate of plaintiff's lost revenue.  *See e.g. Burberry Ltd. v. Euro Moda, Inc.*, 2009 WL 4432678, at *5 (S.D.N.Y. Dec. 4, 2009).

In addition to statutory damages, I also grant post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (providing post-judgment interest as a matter of right "on any money judgment in a civil case recovered in a district court" at the mandatory rate described above.  *See, e.g., WowWee v. Haoqin*, 2019 WL 1316106 at *4 (granting post-judgment interest on inquest following default by defendants who counterfeited plaintiff's marks and products).

E.    Equitable Relief

Under the Copyright Act, a district court can grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain" further infringement of a copyright. 17 U.S.C. § 502(a).  *See also Elec. Creations Corp. v. Gigahertz, Inc.*, 2013 WL 3229125, at *4 (N.D.N.Y. June 25, 2013).  To obtain a permanent injunction in a copyright infringement case, a plaintiff must establish the following four elements: "(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering that balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006). *See also Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010).

Plaintiff has fulfilled all the required elements for a preliminary injunction regarding Defendants' use of Plaintiff's copyrights.  First, Plaintiff's success on the merits of their copyright infringement claims has been established as described above.  Second, Plaintiff will suffer irreparable harm if a permanent injunction is not issued, because, in the absence of an injunction, Defendants may continue to profit from the sale of infringing goods, thereby preventing Plaintiff from controlling the distribution of its products and recovering associated profits.  *See e.g. Kelly Toys Holdings, LLC v. Alialialill Store, et al.,* 2022 WL 2072567, at *11 (S.D.N.Y. June 9, 2022) (J. Hellerstein) ("Under the remedial provisions of the Lanham Act, a plaintiff who has established infringement is entitled to a rebuttable presumption of irreparable harm.").  Third, the balance of hardships favors the Plaintiff because Defaulting Defendants suffer no hardship from being prevented from illegally infringing on Plaintiff's copyrights.  *See e.g. Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F.Supp.3d 536, 547 (S.D.N.Y. 2015) ("it is axiomatic that an infringer…cannot complain about the loss of ability to offer its infringing product.").  Fourth, the public interest favors the issuance of an injunction because the public interest is served by stopping the unlawful sale, distribution, and use of infringing goods.

Plaintiff has also fulfilled all the required elements for a preliminary injunction regarding Defaulting Defendants' use of Plaintiff's trademarks.  A plaintiff is entitled to a permanent injunction on a claim for trademark infringement if it shows the following: (1) actual

success on the merits, and (2) irreparable harm. *See Road Dawgs Motorcycle Club v. Cuse Road Dawgs*, 679 F.Supp.2d 259, 291 (N.D.N.Y.2009). Both elements are fulfilled. First, as described above, Plaintiff has shown actual success on the merits. Second, as described above, Plaintiff will suffer irreparable harm if the permanent injunction is not granted.

In light of the above, I order the following against each of the Defaulting Defendants:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are permanently enjoined and restrained from:

a. using Plaintiff's KAWS Trademarks, KAWS Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KAWS product or not authorized by Plaintiff to be sold in connection with Plaintiff's KAWS Trademarks and/or KAWS Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine KAWS product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's KAWS Trademarks and/or KAWS Copyrights;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's KAWS Trademarks and/or KAWS Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine KAWS product or not authorized by Plaintiff to be sold in connection with Plaintiff's KAWS Trademarks and/or Copyrights.

## CONCLUSION

Plaintiff's motion is granted. I award judgment in Plaintiff's favor against each Defaulting Defendant identified in the schedule attached to this Order in the amount of $25,000 in statutory damages.  I also award post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).  The Clerk of Court shall enter judgment, tax costs, and terminate the motion (ECF No 47).


SO ORDERED.

Dated:      January _/ 2023
            New York, New York            _____
                                          ALVIN K. HELLERSTEIN
                                          United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KAWS, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:22-cv-06721-AKH

## THIRD AMENDED SCHEDULE A TO COMPLAINT

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 1. | Fuzhou Union Import And Export Co., Ltd. | https://artunion.en.alibaba.com/minisiteentrance.html/contactinfo.html |
|  | ██████████████████████████████ | ███████████████████████████████████████ |
| 3. | Origin Artistic Llc | https://originarts.en.alibaba.com/minisiteentrance.html/contactinfo.html |
| 4. | QuanZhou AoJiang Culture Communication Co., Ltd. | https://fuigui.en.alibaba.com/minisiteentrance.html/contactinfo.html |
| 5. | anime action figure store Store | https://www.aliexpress.com/store/1102163761 |
| 6. | Anime Fashion Toys Store | https://www.aliexpress.com/store/1101650803 |
| 7. | AnimeSuper Store | https://www.aliexpress.com/store/1100048099 |
| 8. | burst666 Store | https://www.aliexpress.com/store/912470423 |
| 9. | Dollby-Le Toy Store | https://www.aliexpress.com/store/1102143407 |
| 10. | jing-chun toy Store | https://www.aliexpress.com/store/1100287009 |
| 11. | Legends Awakened Store | https://www.aliexpress.com/store/912367418 |
| 12. | Lili's Silicone Moulds Store | https://www.aliexpress.com/store/1101887276 |
| 13. | livelife Store | https://www.aliexpress.com/store/1101953537 |
| 14. | M&C TOY Store | https://www.aliexpress.com/store/1101434427 |
| 15. | Shop1100348339 Store | https://www.aliexpress.com/store/1100348339 |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 16. | Shop1102119999 Store | https://www.aliexpress.com/store/1102119999 |
| 17. | Shop1102143213 Store | https://www.aliexpress.com/store/1102143213 |
| 18. | Shop1102174368 Store | https://www.aliexpress.com/store/1102180321 |
| 19. | Shop1102174453 Store | https://www.aliexpress.com/store/1102178404 |
| 20. | Shop1102176332 Store | https://www.aliexpress.com/store/1102176332 |
| 21. | Shop1102176333 Store | https://www.aliexpress.com/store/1102176333 |
| 22. | Shop1102177319 Store | https://www.aliexpress.com/store/1102177319 |
| 23. | Shop1102178318 Store | https://www.aliexpress.com/store/1102175331 |
| 24. | Shop1102180139 Store | https://www.aliexpress.com/store/1102180139 |
| 25. | Shop1102180322 Store | https://www.aliexpress.com/store/1102180322 |
| 26. | Shop1102181277 Store | https://www.aliexpress.com/store/1102181277 |
| 27. | Shop1102181278 Store | https://www.aliexpress.com/store/1102181278 |
| 28. | Shop1102182314 Store | https://www.aliexpress.com/store/1102182314 |
| 29. | Shop1102188130 Store | https://www.aliexpress.com/store/1102188130 |
| 30. | Shop1102191102 Store | https://www.aliexpress.com/store/1102191102 |
| 31. | Shop910566322 Store | https://www.aliexpress.com/store/1101546631 |
| 32. | sl-house Store | https://www.aliexpress.com/store/912680472 |
| 33. | Super cute groceries Store | https://www.aliexpress.com/store/1102009015 |
| 34. | THEOCEAN Store | https://www.aliexpress.com/store/912488248 |
| 35. | XZCAI Drop Shipping Exclusive Store | https://www.aliexpress.com/store/1101595060 |
| 36. | XZCAI Drop Shipping Store | https://www.aliexpress.com/store/1101550308 |
| 37. | XZCAI Exclusive Store | https://www.aliexpress.com/store/1101568953 |
| 38. | YOYO WARM HOME Store | https://www.aliexpress.com/store/1102177153 |
| 39. | ZR Store | https://www.aliexpress.com/store/3201004 |
| 40. | ANIME POSTERS | https://www.amazon.com/sp?seller=A3LLLCF0J9CT94 |
| 41. | ayessm | https://www.amazon.com/sp?seller=A3VA49OCJSYAZZ |
| 42. | BHJKSAOADIAH | https://www.amazon.com/sp?seller=A2QREW784O01YJ |
| 43. | Blueue | https://www.amazon.com/sp?seller=A1WTN2EACBGBP2 |
| 44. | Christmastoy | https://www.amazon.com/sp?seller=A306981S0QKER2 |
| 45. | Equarus Decor | https://www.amazon.com/sp?seller=A1J1UUAY0C59LK |
| 46. | ErFeiBaiHuo US | https://www.amazon.com/sp?seller=A3MYHPUHYEJ8II |
| 47. | haikouliujianpingshangmaoyouxiangongsi | https://www.amazon.com/sp?seller=A25E1MG3CM6W3M |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 48. | hongboxueshengMYESpag | https://www.amazon.com/sp?seller=AA6BRSOUXBZAR |
| 49. | LVCONG-toy勿跟秒飞 [LVCONG-toy don't follow seconds] | https://www.amazon.com/sp?seller=A2GRHFH7MPD2AP |
| 50. | MitasQ | https://www.amazon.com/sp?seller=A3IFX1C8R35JNV |
| 51. | Nanjing Weixin Tianhong Network Technology Co., Lt | https://www.amazon.com/sp?seller=A36KMIEOZUBHU0 |
| 52. | RECHONG | https://www.amazon.com/sp?seller=A1D4Z2D40C77DQ |
| 53. | September-shop | https://www.amazon.com/sp?seller=A2DVABNR9BSVB2 |
| 54. | Shuixin Trading Firm | https://www.amazon.com/sp?ie=UTF8&seller=A2L8HNQRAMF3TG |
| 55. | yapengshangmaogongsi | https://www.amazon.com/sp?seller=A11Z7FUIRLZSCX |
| 56. | yingtanshiyujiangquchuangmiaobaihuodian | https://www.amazon.com/sp?seller=A2VZ23YO58ZAKL |
| 57. | YJ侵权联系下架 [YJ Infringement Contact and Remove the Shelf] | https://www.amazon.com/sp?seller=A3D46EGOYMNCKB |
| 58. | zhouyangfafafa | https://www.amazon.com/sp?seller=A2EI30T5X690BO |
| 59. | 拉克丝专卖店 [Lux Store] | https://www.amazon.ca/sp?seller=A32M4WRCFXFN5Q |
| 60. | jinshijiayuan | https://www.amazon.ca/sp?seller=A2KWSZTROBZG6W |
| 61. | KITBE | https://www.amazon.ca/sp?seller=A2TFSHREWV8IF4 |
| 62. | yinxianggahng | https://www.amazon.ca/sp?seller=A27YRAS8G4OMH9 |
| 64. | frank0098 | https://www.dhgate.com/store/about-us/21682301.html |
| 65. | governor011 | https://www.dhgate.com/store/about-us/21750648.html |
| 66. | pjianyitech | https://www.dhgate.com/store/about-us/21636097.html |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 68. | sixeighttoys | https://www.dhgate.com/store/about-us/21674551.html |
| | | |
| 70. | zgelectronictoys | https://www.dhgate.com/store/about-us/21573697.html |
| 71. | acid_drop_wall_art | https://www.ebay.com/usr/acid_drop_wall_art |
| 72. | bargains2go2009 | https://www.ebay.com/usr/bargains2go2009 |
| | | |
| 74. | coxt1479 | https://www.ebay.com/usr/coxt1479 |
| 75. | dinu_comfort_shopping_zone | https://www.ebay.com/usr/dinu_comfort_shopping_zone |
| 76. | dragonnguyen | https://www.ebay.com/usr/dragonnguyen |
| 77. | e_bliss | https://www.ebay.com/usr/e_bliss |
| 78. | emaosu_0 | https://www.ebay.com/usr/emaosu_0 |
| | | |
| 80. | haikoumojishang_0 | https://www.ebay.com/usr/haikoumojishang_0 |
| 81. | haikoushiyishengjins_0 | https://www.ebay.com/usr/haikoushiyishengjins_0 |
| 82. | hakho8448 | https://www.ebay.com/usr/hakho8448 |
| 83. | hawa_stores | https://www.ebay.com/usr/hawa_stores |
| 84. | henryk6561 | https://www.ebay.com/usr/henryk6561 |
| | | |
| 87. | lqsm2014-5 | https://www.ebay.com/usr/lqsm2014-5 |
| 88. | mountaingallery | https://www.ebay.com/usr/mountaingallery?_trksid=p2047675.m3561.l2559 |
| 89. | nao_rare_japan | https://www.ebay.com/usr/nao_rare_japan |
| 90. | ninjapotekichi | https://www.ebay.com/usr/ninjapotekichi?_trksid=p2047675.m3561.l2559 |
| 91. | nvc-store87 | https://www.ebay.com/usr/nvc-store87 |
| 92. | one_choice_store | https://www.ebay.com/usr/one_choice_store |
| | | |
| 95. | switchboard_tourist | https://www.ebay.com/usr/switchboard_tourist |
| 96. | tonystarksemail | https://www.ebay.com/usr/tonystarksemail |
| 97. | trendy_shop99 | https://www.ebay.com/usr/trendy_shop99 |
| 98. | unique-products | https://www.ebay.com/usr/unique-products |
| 99. | veoart.shop | https://www.ebay.com/usr/veoart.shop |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 101. | zero5577 | https://www.ebay.com/usr/zero5577 |
| | | |
| 104. | Carpetfashion | https://www.etsy.com/shop/Carpetfashion?ref=simple-shop-header-name&listing_id=1225881009 |
| 105. | CreativeStudioHub | https://www.etsy.com/shop/CreativeStudioHub?ref=simple-shop-header-name&listing_id=1257171159 |
| 106. | CreetexLTD | https://www.etsy.com/shop/CreetexLTD |
| 107. | Customluxurycarpet | https://www.etsy.com/shop/customluxurycarpet |
| 108. | CustomRugsDesingMOUY | https://www.etsy.com/shop/CustomRugsDesingMOUY |
| 109. | DetailDecoreStore | https://www.etsy.com/shop/DetailDecorStore |
| 110. | DopeDecorStudio | https://www.etsy.com/shop/DopeDecorStudio?ref=simple-shop-header-name&listing_id=1241652458 |
| 111. | EntexRug | https://www.etsy.com/shop/EntexRug?ref=simple-shop-header-name&listing_id=1246202422 |
| | | |
| 113. | GiftShopHome | https://www.etsy.com/shop/GiftShopHome |
| 114. | GraphicDesignerSV | https://www.etsy.com/shop/GraphicDesignerSV?ref=simple-shop-header-name&listing_id=1236672558 |
| | | |
| 116. | LuxuryRobesBoutique | https://www.etsy.com/shop/LuxuryRobesBoutique |
| 117. | ModernDayNeeds | https://www.etsy.com/shop/ModernDayNeeds?ref=simple-shop-header-name&listing_id=1256847619 |
| 118. | MY3DWORLDTR | https://www.etsy.com/shop/MY3DWORLDTR?ref=simple-shop-header-name&listing_id=1246357727 |
| 119. | NewCentury Décor | https://www.etsy.com/shop/NewCentury Décor |
| 120. | PapaCanvas | https://www.etsy.com/shop/PapaCanvas |
| 121. | Saintpastgels | https://www.etsy.com/shop/Saintpastels?ref=simple-shop-header-name&listing_id=1237455619 |
| 122. | ThePurpleCowDesign | https://www.etsy.com/shop/ThePurpleCowDesign |
| 123. | Therugcompany Store | https://www.etsy.com/shop/TherugcompanyStore |
| 124. | TheZepShop | https://www.etsy.com/shop/TheZepShop |
| | | |
| 126. | TrendDekoUS | https://www.etsy.com/shop/TrendDekoUS?ref=simple-shop-header-name&listing_id=1222434081 |
| 127. | ValeriesMolds | https://www.etsy.com/shop/ValeriesMolds |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 128. | VolcanoPackage | https://www.etsy.com/shop/VolcanoPackage |
| | | |
| 134. | BrendonJack | https://www.redbubble.com/es/people/Brendonjack/shop |
| 135. | ChrisPittman | https://www.redbubble.com/people/ChrisPittman/portfolio |
| 136. | design-beast | https://www.redbubble.com/people/design-beast/portfolio |
| 137. | earpaddim | https://www.redbubble.com/people/earpaddim/portfolio |
| 138. | EmpirePK | https://www.redbubble.com/people/empirepk/portfolio |
| 139. | Engensyes | https://www.redbubble.com/people/Engensyes/portfolio |
| 140. | NamikByk | https://www.redbubble.com/es/people/NamikByk/shop |
| 141. | Patriciahern | https://www.redbubble.com/people/Patriciahern/portfolio |
| 142. | SudirmanHandoko | https://www.redbubble.com/people/SudirmanHandoko/portfolio |
| 143. | thesilverman | https://www.redbubble.com/people/thesilverman/portfolio |
| | | |
| 151. | Ralap Butler,LLC | https://www.walmart.com/reviews/seller/101113426 |

| No. | Defendants | Defendants Online Marketplace(s) |
|---|---|---|
| 154. | Cocoban | https://www.wish.com/merchant/5f433053637902aafcfab2aa |
| 155. | J&R Filaments | https://www.wish.com/merchant/6000ff192f1eef111610847e |
| 156. | Kennetblaze | https://www.wish.com/merchant/5fd3baca58cd77beefe7f626 |
| 157. | Porron shop | https://www.wish.com/merchant/5f51c81603c06e25012e1e9c |
| 158. | QISHENE | https://www.wish.com/merchant/5f8f5f56de940f07c2c7ff6e |
| 159. | RicScore | https://www.wish.com/merchant/5fd7e0f7c441308a61d2c6f5 |
| 160. | stores keila | https://www.wish.com/merchant/5f989af946a284b468d8f12d |